# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2026

Lyle W. Cayce
Clerk

No. 25-50782

———————

Ramona Rachael Craig, *on behalf of minor son* N.C.,

*Plaintiff—Appellant*,

*versus*

Hutto ISD; Eric Johnson; Toby Meredith Bermudez, *also known as* Chiz; Nick Voelker; Cara Malone, Et al.

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-739

———————————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

In this pro se action against Hutto Independent School District on behalf of her minor son, Ramona Craig appeals an order denying a preliminary injunction and appointment of counsel. We AFFIRM the denial of preliminary injunctive relief and DISMISS the remainder of the appeal,

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

including issues outside of her notice of appeal and upon which the district court has not ruled, for lack of jurisdiction.

I

Appellant sued Appellee, its superintendent, a principal, an assistant principal, and a teacher, based on various interactions she and her son had with them. Her live complaint alleges claims under the Individuals with Disabilities Education Act, the Americans with Disabilities Act, the Rehabilitation Act, and 42 U.S.C. § 1983, as well as claims for "wrongful injury," "deceptive practices," and "additional systemic educational failures." After amending her complaint several times, Appellant sought appointment of counsel and a preliminary injunction. The district court denied both requests in a single order, which Appellant now appeals.

II

"Generally, this court's jurisdiction is limited to review the district courts' final orders, qualified interlocutory orders, and collateral orders." *Goodman v. Harris Cnty.*, 443 F.3d 464, 467 (5th Cir. 2006). While we may exercise jurisdiction over the district court's denial of a preliminary injunction, 28 U.S.C. § 1291(a)(1), we lack jurisdiction over its order denying appointment of counsel, *see Williams v. Catoe*, 946 F.3d 278, 279 (5th Cir. 2020) (en banc). Likewise, we lack jurisdiction over the remainder of the appeal because it raises issues that are: (1) outside of Appellant's notice of appeal, and (2) not matters upon which the district court has ruled. *See Tr. Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1485 (5th Cir. 1997) ("[W]e are without jurisdiction to hear challenges to other rulings or orders not specified in the notice of appeal."); FED. R. APP. P. 3(c)(1).

No. 25-50782

## III

We review the district court's denial of Appellant's request for a preliminary injunction for abuse of discretion. *Siders v. City of Brandon*, 123 F.4th 293, 300 (5th Cir. 2024) To obtain a preliminary injunction, Appellant must show:

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

*Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 402 (5th Cir. 2025) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

Here, the district court determined that Appellant failed to satisfy each element. Even after dutifully construing her pro se complaint liberally, as it must, *see Carmouche v. Hooper*, 77 F.4th 362, 367 (5th Cir. 2023), the district court noted that Appellant's "failure to provide a complaint that comprehensively details all her allegations and causes of action makes it difficult for the Court to ascertain whether she is likely to succeed on the merits." We agree. *See Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015) ("[A]n injunction is a remedy that must be supported by an underlying cause of action . . . ."). Appellant has not carried her burden to show a substantial likelihood of success on the merits or an abuse of discretion.

## V

The district court's order denying Appellant a preliminary injunction is AFFIRMED. The remainder of this appeal is DISMISSED for lack of jurisdiction.